# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **KELVIN SPENCER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 4:24-cv-00493-O-BP |
| § | |
| **CHARLESTON WHITE,** *et al.*, § | |
| § | |
| **Defendants.** § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On May 29, 2024, the *pro se* plaintiff filed a complaint against the defendants. ECF No. 1. The case was preliminarily assigned to the undersigned that same day. ECF No. 2. However, since the Court appears to lack subject-matter jurisdiction over the case, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the case without prejudice to being refiled in the appropriate state court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not

assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

The Court lacks subject matter jurisdiction over this case, requiring dismissal without prejudice. First, on the face of the plaintiff's complaint (ECF No. 1), there is no federal-question jurisdiction under 28 U.S.C. § 1331, since the plaintiff is suing the defendants in tort. To the extent that the plaintiff could be construed to bring a cause of action for a federal crime (ECF No. 1 at 9-10), he cannot do so because he is a private citizen. Private citizens generally have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Tex.*, 153 F. App'x 261, 262 (5th Cir. 2005).

In the absence of federal question jurisdiction, a case can come to federal court via diversity jurisdiction, but diversity jurisdiction does not exist here, either. *Id*. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. Failure to adequately

allege the basis for diversity jurisdiction mandates dismissal. *Patterson v. Patterson*, 808 F.2d 357, 357 (5th Cir. 1986). In his complaint, the plaintiff demonstrates that he is a citizen of Texas, as are all of the defendants. ECF No. 1 at 3. Therefore, there appears to be no complete diversity, since all of the parties are Texas citizens. *Id*.

Under Federal Rule of Civil Procedure 12(b)(1), a federal court must dismiss a case if it "lacks the statutory or constitutional power to adjudicate the case." *Home Builder Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Dismissals for lack of subject-matter jurisdiction do not concern the merits of a case and therefore are not with prejudice. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984) (citation omitted).

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case without prejudice to the plaintiff's right to refile it in the appropriate state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 3, 2024.

                                                      _____
                                                      Hal R. Ray, Jr.
                                                      UNITED STATES MAGISTRATE JUDGE